**The STATE of Ohio, Appellant,**

v.

**ROBY, Appellee.**

[Cite as *State v. Roby* (1997), 124 Ohio App.3d 522.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–97–048.

Decided Dec. 19, 1997.

*Mark D. Tolles,* for appellant.

---

*Per Curiam.*

This is an appeal from a judgment of the Bowling Green Municipal Court, where a motion to suppress evidence was granted by the trial court.

Defendant-appellee, Robert J. Roby, was charged with driving under the influence of alcohol in violation of R.C. 4511.19(A)(1) and 4511.19(A)(3). Appellee filed a motion to suppress evidence and a motion *in limine,* alleging defects in the solution used to check the calibration of the BAC Datamaster that was used to determine his breath-alcohol level. The trial court granted the motion to suppress stating:

"Although the state was able to produce an Approval of Calibration Solution Certificate for the batch # 96902, the bottle # on the certificate was for Bottle # 1016 not for Bottle # 1017. Bottle # 1017 was used to check the DataMaster's calibration prior and after defendant's test. Without a Certified Solution Certificate indicating the correct bottle # or other probative evidence (no authentication of this bottle) the test result must be suppressed. ORDERED: The test result is suppressed in this matter."

Appellant state of Ohio timely filed a notice of appeal, presenting the following assignment of error:

"The trial court erred in suppressing the evidence of the breath test where there was a certified copy of the Ohio Department of Health records of the calibration solution used admitted into evidence, which contained a calibration batch certificate."

In *State v. Thom* (Dec. 15, 1992), Seneca App. No. 13–92–20, unreported, 1992 WL 369211, appellant claimed that evidence of the calibrations should have been suppressed because there were not separate affidavits for each bottle of calibration solution used. Both bottles were from the same batch. The Third District Court of Appeals stated:

"Since both bottles which were used for calibrations were from batch number 0591, the certificate for that batch is sufficient to establish that both bottles were tested and approved. Appellant has cited no authority for his proposition that a separate 'affidavit' must be produced for each bottle and we have found no such authority."

Additionally, Ohio Adm. Code 3701–53–04, which pertains to calibration solutions, contains no reference to bottle labels. Therefore, we find that appellant's assignment of error is well taken.

The judgment of the Bowling Green Municipal Court is reversed, and this cause is remanded to the trial court for proceedings consistent with this decision. Court costs of this appeal are assessed to appellee.

*Judgment reversed*
*and cause remanded.*

HANDWORK, GLASSER and KNEPPER, JJ., concur.